IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>         Plaintiff,<br><br>    v.<br><br>WINGS OVER THE WORLD MINISTRIES and TERRY L. HARPER,<br><br>         Defendants. | **MEMORANDUM DECISION and ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No.  2:12-cv-00023-DN<br><br>District Judge David Nuffer |

Defendant Terry Harper requests dismissal of the complaint filed against him[1] by Plaintiff R. Wayne Klein, the Court-Appointed Receiver (the "Receiver") of U.S. Ventures LC, Winsome Investment Trust and the assets of Robert J. Andres and Robert L. Holloway (collectively "Receivership Defendants").[2] After working through the unnecessarily arcane language in Mr. Harper's motion to dismiss, it appears Mr. Harper argues that the court lacks subject-matter jurisdiction; that the Receiver has no legal standing; and that the complaint against him is defective.[3] After a careful review of the parties' filings and relevant authorities, Mr. Harper's motion is DENIED for reasons set forth below.

---

[1] Answer to Complaint and Motion to Dismiss; Certificate of Service, docket no. 9, filed May 14, 2012 (Motion to Dismiss).

[2] Complaint to Avoid Fraudulent Transfers, for Constructive Trust and Other Provisional Remedies and for Damages, docket no. 2, filed January 9, 2012 (Complaint).

[3] *See* Harper's Motion to Dismiss; Memorandum of 15 Defects to Plaintiffs [sic] Memorandum of Opposition to Defendants [sic] Motion to Dismiss; Complaint Certificate of Service, docket no. 15, filed July 30, 2012 (Reply).

## BACKGROUND

On January 24, 2011 the Commodities Futures Trading Commission ("CFTC") filed a complaint against a group of individuals and companies for allegedly perpetrating a Ponzi scheme.[4] The CFTC alleged that the Receivership Defendants operated a fraudulent commodity investment program and defrauded investors of over $50 million.[5] On January 25, 2011, District Judge Bruce Jenkins appointed R. Wayne Klein as the Receiver to handle the affairs of the Receivership Defendants.[6] The Receiver then filed this action against Mr. Harper and Wings Over the World Ministries ("Wings"), an Ohio non-profit corporation, on January 9, 2012.[7] Wings allegedly received transfers, in the form of commissions and other payments, from the Receivership Defendants totaling $561,326.32.[8] According to the Receiver, the transfers were made for the benefit of Mr. Harper — the incorporator of Wings.[9] The Receiver filed suit against Mr. Harper and Wings[10] to recover those transfers under Utah's Uniform Fraudulent Transfer Act ("UFTA")[11] and other equitable theories.[12]

---

[4] *See U.S. Commodity Futures Trading Comm'n v. U.S. Ventures, et al.*, Case No. 2:11-cv-00099-BSJ (CFTC Action).

[5] CFTC Action Complaint at 2, docket no. 1, filed January 24, 2011.

[6] CFTC Action Order Granting Plaintiff's *Ex Parte* Motion for Statutory Restraining Order, Expedited Discovery, Accounting, Order to Show Cause Re Preliminary Injunction and Other Equitable Relief at 7, docket no. 15, filed January 25, 2011 (CFTC Action Order); *see also* Complaint at ¶ 6 ("The instant action is brought by the Receiver as part of his continuing duty to (i) recapture and return investor funds . . . and (ii) avoid fraudulent transfers, seek a constructive trust, and obtain other provisional remedies and recover damages.").

[7] *See* Complaint at ¶ 7.

[8] *Id.* at ¶ 51.

[9] *Id.* at ¶ 8.

[10] A default certificate was entered against Wings pursuant to Fed. R. Civ. P. 55(a). *See* Default Certificate, docket no. 14, filed July 18, 2012.

[11] *See* Utah Code Ann. §§ 25-6-5, -6 (2012).

[12] *See* Complaint at ¶¶ 55–63.

**DISCUSSION**

Because Mr. Harper is representing himself, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[13]  As a pro se litigant, however, Mr. Harper is still expected to "follow the same rules of procedure that govern other litigants."[14]

This order addresses each of Mr. Harper's arguments in support of his motion to dismiss. These arguments are: (1) there is no subject-matter jurisdiction in this case; (2) the Receiver has no legal standing; and (3) the Receiver's complaint cannot withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Finally, the court will resolve Mr. Harper's miscellaneous arguments.

**1. Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Mr. Harper argues that there is no subject-matter jurisdiction.  As he variously puts it, "there is no lawful subject matter before this court;" "this Court has no lawful jurisdiction;" and he "respectfully challenges the jurisdiction of this court."[15]  The Receiver disagrees, arguing that this case is ancillary to the action initiated by the CFTC, and therefore, subject-matter jurisdiction is present.[16]  After careful review, the court agrees that subject-matter jurisdiction exists.

The Supreme Court "recognized over 100 years ago that a federal receiver may sue in the court of his appointment 'to accomplish the ends sought and directed by the suit in which the

---

[13] *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[14] *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

[15] Motion to Dismiss at 5, 16, 18.

[16] Memorandum in Opposition to Defendant Terry Harper's Motion to Dismiss at 10–11, docket no. 10, filed June 11, 2012.

3

appointment was made,' and that 'such action or suit is regarded as ancillary' to the court's original subject-matter jurisdiction."[17]

In the original CFTC action, subject-matter jurisdiction existed pursuant to Section 6c of the Commodity Exchange Act.[18] The Receiver was appointed by Judge Bruce Jenkins to take control of the funds, assets, and property of the Receivership Defendants wherever situated.[19] Afterwards, the Receiver sued Mr. Harper in the court of the Receiver's appointment — the District of Utah — to accomplish "the ends sought and directed by the suit in which the appointment was made," in this case, retrieving fraudulent transfers.[20] Consequently, this court has jurisdiction of this case because this action is ancillary to the court's original subject-matter jurisdiction of the receivership.

### 2. Receiver's Standing to Sue

Although not entirely clear, it appears Mr. Harper also challenges the Receiver's standing to bring the claims in this case.[21] A Receiver of an entity "which was used to perpetrate a Ponzi scheme has standing to recover fraudulent transfers as though the receiver were a creditor of the scheme."[22] The Receiver in this case is doing just that. Accordingly, the Receiver has standing

---

[17] *Merrill Scott & Assocs. v. Concilium Ins. Servs.*, 253 Fed. App'x. 756, 761 (10th Cir. 2007) (unpublished) (quoting *Pope v. Louisville, N.A. & C. Ry.*, 173 U.S. 573, 577 (1899)); *see also Eberhard v. Marcu*, 530 F.3d 122, 129 (2d Cir. 2008) ("So long as an action commenced by a court appointed receiver seeks to accomplish the ends sought and directed by the suit in which the appointment was made, such action . . . is regarded as ancillary so far as the jurisdiction of the court . . . is concerned.").

[18] CFTC Action Order at 1; Commodity Exchange Act, 7 U.S.C. § 6c (2006).

[19] CFTC Action Order at 7–10. The Receiver was reappointed by Judge Jenkins on September 28, 2011. *See* CFTC Action Order Reappointing Receiver, docket no. 77, filed Sept. 28, 2011.

[20] *Merrill Scott & Assocs.*, 253 Fed. App'x. at 761.

[21] *See, e.g.*, Motion to Dismiss at 9–15.

[22] *Wing v. Dockstader*, 482 Fed. App'x. 361, 362–63 (10th Cir. 2012) (unpublished) (citing *Scholes v. Lehmann*, 56 F.3d 750, 753–55 (7th Cir. 1995); *Donell v. Kowell*, 533 F.3d 762, 776–77 (9th Cir. 2008) (applying *Scholes* to California's Uniform Fraudulent Transfer Act); *Eberhard v. Marcu*, 530 F.3d 122, 132–33 (2d Cir. 2008) (applying *Scholes* to New York Debtor & Creditor Law § 276)).

to sue Mr. Harper to recover fraudulent transfers as though the Receiver were a creditor of the scheme.

### 3. Motion to Dismiss for Failure to State a Claim

A recurring argument in Mr. Harper's motion to dismiss is that the allegations in the Receiver's complaint are not proven by the Receiver. Mr. Harper, for instance, says that the Receiver's "presentation . . . is void because it presents no Facts . . . is void of sworn or supportive and proven certified evidence or proof, is riddled with inaccuracies, inconsistencies, false statements, critical factual material omissions," and so on.[23]

Mr. Harper is mistaken as to what is required at this stage of the litigation. A complaint, like the Receiver's, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[24] and will survive a Rule 12(b)(6) motion to dismiss if it contains "enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face."[25] "[T]aken as true," however, does not mean that the allegations in a complaint are in fact true. When filing a complaint, a plaintiff may not have all the available facts. But a plaintiff is not required to prove its case at the pleading stage. To the extent that Mr. Harper believes the Receiver is required to provide proof at this stage, he is mistaken.

To state a claim for fraudulent transfer, a plaintiff must allege that (1) the transfer was made (2) with "actual intent to hinder, delay, or defraud any creditor of the debtor."[26] What is more, under UFTA, "a debtor's actual intent to hinder, delay, or defraud is conclusively

---

[23] *See* Motion to Dismiss at 3–8.

[24] Fed. R. Civ. P. 8(a)(2).

[25] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks omitted).

[26] Utah Code Ann. § 25-6-5(1)(a).

5

established by proving that the debtor operated as a Ponzi scheme."[27] Here, the Receiver gives details of payments made for the benefit of Mr. Harper,[28] alleges that the payments were made with an actual intent to hinder, delay or defraud investors,[29] and explains the nature of the Ponzi scheme by the Receivership Defendants.[30] The complaint states a claim for fraudulent transfer, plausible on its face, against Mr. Harper.

To state a claim for constructive fraudulent transfer, a plaintiff must allege that (1) the transfer was made, (2) without receiving reasonably equivalent value in exchange for the transfer, and (3) the transferor was insolvent at the time or became insolvent as a result of the transfer.[31] Here, the Receiver sufficiently alleges that the transfers were made for the benefit of Mr. Harper[32] and that the Receivership Defendants did not receive reasonably equivalent value in exchange for the payments made.[33] Further, the Receiver explains that the Receivership Defendants were insolvent at the time the payments were made.[34] The complaint states a claim for constructive fraudulent transfer, plausible on its face, against Mr. Harper.

Finally, the Receiver states a claim for constructive trust. A constructive trust is an equitable remedy available when "there has been (1) a wrongful act, (2) unjust enrichment, and

---

[27] *SEC v. Madison Real Estate Grp., LLC*, 647 F. Supp. 2d 1271, 1279 (D. Utah 2009) (quotation omitted).

[28] *Id.* at ¶¶ 51–52.

[29] *Id.* at ¶ 56.

[30] Complaint at ¶¶ 46–50.

[31] Utah Code Ann. § 25-6-6.

[32] Complaint at ¶¶ 51–52.

[33] *Id.* at ¶ 52.

[34] *See id.* at ¶¶ 45, 56.

(3) specific property that can be traced to the wrongful behavior."[35]  Here, the Receiver sufficiently alleges wrongful acts by the Receivership Defendants[36] resulting in the unjust enrichment of Mr. Harper.[37]  The Receiver traces the specific transfers at issue, in the form of payments, to the wrongful behavior.[38]  The complaint states a claim for constructive trust, plausible on its face, against Mr. Harper.

In all, the Receiver's complaint is sufficiently plead to withstand Mr. Harper's motion to dismiss under Rule 12(b)(6).  And Mr. Harper's motion to dismiss for failure to state a claim is denied.

### 4. Miscellaneous Arguments

Mr. Harper's remaining arguments are difficult to decipher.[39]  These miscellaneous arguments are all presented as causes for dismissal, but contain no argument of substance and are without appropriate legal citations or authority.  Although pleadings in pro se cases are to be liberally construed, the court cannot act as a litigant's advocate.[40]  Nor can the court craft legal arguments or perform the necessary legal research for the pro se litigant.[41]

---

[35] *Wilcox v. Anchor Water, Co.*, 2007 UT 39, ¶ 34, 164 P.3d 353.

[36] Complaint at ¶¶ 51–60.

[37] *Id.* at ¶ 61.

[38] *Id.* at ¶¶ 51–60.

[39] *See* Motion to Dismiss at 1–19; Reply at 1–12, 16–17, 19, 23–27.

[40] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[41] *Id.* at 841; *see also*, *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to dismiss[42] is DENIED.

Dated March 18, 2013

BY THE COURT

_____

District Judge David Nuffer

---

[42] Docket no. 9.