# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **R. WAYNE KLEIN**, the Court-Appointed **Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,**<br><br>Plaintiff,<br><br>v.<br><br>**WINGS OVER THE WORLD MINISTRIES and TERRY L. HARPER**,<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>Case No. 2:12-cv-00023<br><br>**United States District Court Judge David Nuffer**<br><br>**Magistrate Judge Dustin Pead** |

Pursuant to a 28 U.S.C. §636(b)(1)(B) referral (doc. 27), the following matters are currently pending before this Court:  (1) the Receiver, R. Wayne Klein's (the Receiver) "Motion To Strike" filings submitted by Defendant Terry L. Harper (Defendant Harper) (doc. 44); and (2) the Receiver's "Motion For Leave To Amend Complaint" (doc. 46).

## I.  BACKGROUND

On January 24, 2011, the Commodity Futures Trading Commission ("CFTC") initiated a lawsuit in this District against U.S. Ventures, Winsome Investment Trust, Robert J. Andres and Robert L. Holloway (Receivership Defendants), alleging that the Receivership Defendants were operating a fraudulent commodity investment program.[1]  The CFTC asked the Court to appoint a receiver over the affairs and, on January 25, 2011, R. Wayne Klein was appointed as the

---

[1]  The CFTC Action was assigned to District Court Judge Bruce Jenkins.  *See U.S. Commodity Futures Trading Comm'n v. U.S. Ventures, et. al.,* Case No. 2:11-CV-99BSJ (CFTC Action).

Receiver to handle the affairs of the Receivership Defendants.

In the matter currently before this Court, the Receiver filed suit against Defendant Harper (Defendant Harper) and Defendant Wings Over The World Ministries (Defendant Wings), an Ohio non-profit corporation,[2] seeking to recover transfers under Utah's Uniform Fraudulent Transfer Act ("UFTA") and other equitable theories. The Receiver alleges that Defendant Wings received transfers, in the form of commissions and other payments, from the Receivership Defendants totaling over $561,326.32. The Receiver asserts that those transfers were made for the benefit of Defendant Harper as the incorporator of Defendant Wings. In seeking recovery under the Act, the Receiver alleges that Defendants Harper and Wings have failed to provide reasonably equivalent value in exchange for the transfers received.

By way of procedural history, on May 14, 2012, Defendant Harper filed a Motion To Dismiss the Receiver's Complaint asserting, among other things, lack of subject matter jurisdiction, lack of standing and a failure to prove the allegations in the complaint (doc. 9). On March 27, 2013, District Court Judge David Nuffer issued a Decision denying Harper's Motion To Dismiss (doc. 19). In relevant part, Judge Nuffer concluded that this Court has jurisdiction "because the action is ancillary to the court's original subject-matter jurisdiction of the receivership" and that the Receiver has standing "to recover fraudulent transfers as though the Receiver were a creditor of the scheme." *Id.* Additionally, Judge Nuffer determined that the Receiver has no obligation to prove its case at the initial pleading stage. *Id.*

Thereafter, on May 15*,* 2013, Defendant Harper filed a Motion To Strike the Complaint

---

[2]A default certificate was entered against Wings pursuant to Fed. R. Civ. P. 55(a) on July 18, 2012 (doc. 14).

(doc. 25) asserting similar grounds as stated in his Motion To Dismiss (doc. 19). On May 5,

2013, Judge Nuffer entered an Order denying Defendant Harper's Motion To Strike and stating

that issues of the Receiver's standing and other jurisdictional matters have been resolved and will

not be reconsidered by the Court (doc. 26).

## II. PENDING MOTIONS

### 1. The Receiver's Motion To Strike (doc. 44)

The Receiver moves to strike the following pleadings filed by Defendant Harper:[3] (1)

"Notice of Respondents' Declaration to his Non Presence at the June 6, 2013 Schedule Pre Trial

Hearing" (doc. 39); (2) "Manditory [sic] Judicial Notice Declaration And Writ Of Discovery

Order Demand To Show Cause, Point By Point With Supporting Law Certified On The Record

To Show Why 'Fraudulent Transfer' And Other Claims Should Not Be 'Stricken' From

Plaintiff's Complaint Against Respondent (doc. 40); (3) "Notice of Three '(3) Fatal Defects' Of

Plaintiff's Complaint Evidenciary [sic] Writ Demand For Certification And Definitive Points Of

Law Concerning Failure Of Statutory Compliance, Improper 'Party', Improper 'Parity' At Law

And Supreme Court Decisions Binding On District Courts" (doc. 41); (4) "Respondent Writ To

Take Judicial Cognizance And Administrative Acceptance Of A *Self-Executing 'Order'* Based

On Receiver's Failure To Complay [sic] With The Full Requirements Under Title 28 USC

§754" (doc. 42); (5) "Sworn Statement By Respondent In The Form Of An Affidavit Of

---

[3]In some filings, Defendant Harper purports to act on behalf of Defendant Wings (docs. 41, 43). The Clerk of Court has entered a default against Defendant Wings in this matter, and therefore the filings are not construed to include Defendant Wings (doc. 14). In addition, Defendant Harper is not an attorney and therefore cannot act as legal counsel for Defendant Wings. *See Tal v. Hogan,* 435 F.3d 1244, 1254 (10th Cir. 2006) ("a corporation must be represented by an attorney to appear in federal court.").

Counterclaims Against R. Wayne Klein" (doc. 43); (6) "Respondent Lawful Notification In Law Of Ooposition [sic] To Receiver Counsel Statement That Wings Over The World Ministries Is In Default (doc. 47); (7) "Notice Of Affidavit Of Fiancil [sic] Insolvancy [sic], Of Respondent And Living Conditions And Support (doc. 48); (8) "Respondent Answer To Requests For Admissions From R. Wayne Klein/Receiver And Request For Certification Of The Record" (doc. 49); (9) "Motion To Compel The Record Stipulate That R. Wayne Klein (d.b.a.) Was Not/Is Not The Duly Appointed Receiver Appointed By The Commodities Future Trading Commission (CFTC) And Absent The Record Showing Proper Receiver Name 'Wayne Klein', Respondent Demand The Court Void And Discharge Of Complaint Is Manditory [sic] Not Shwoing [sic] Proper Agency" (doc. 54); (10) "Motion To Compel The Record Show Full Compliance By Receiver/ Plaintiff [sic] Under Title 28 USC Section 754 On Each And Every Receiver Appointment(s) And Absent The Record, Sua Sponte Dismiss Controversy For Forfeiture Of Jurisdiction" (doc. 55); and (11) "Motion To Compel The Record To Show The 'Judicial' Nature Of Jurisdiction Of Court As Set forth In Respondent's Request For Clarification And Manditory [sic] Desclosure [sic] Under The Sixth Amendment And Absent Article III Complaince [sic], Demand Discharge For Failure To State The Proper Jurisdiction (doc. 56).[4]

**Analysis**

As an initial matter, the Court notes that Defendant Harper's filings seek rulings on the

---

[4]In the Receiver's Motion To Strike he requests that the Court strike docket numbers 39-43 as in violation of Court rules (doc. 44). After filing his Motion To Strike, however, Defendant Harper submitted several other filings that, according to the Receiver, suffer from the same infirmities as Defendant Harper's other filings and the Receiver requests that the Court also strike docket numbers 47-49 and 54-56 on the same grounds as stated in the initial motion (doc. 58). Accordingly, the Court shall apply the arguments set forth in the Receiver's Motion To Strike to Defendant Harper's recent filings.

same issues that have already been resolved by Judge Nuffer:  jurisdiction, standing and the validity of the underlying Complaint.  Judge Nuffer has specifically ordered that the Court will "not reconsider these arguments." (doc. 26).  Accordingly, the Court finds that Defendant Harper's decision to continually raise issues that have been conclusively rejected by the Court to be improper and a violation of established principles of judicial economy.

Second, the Court finds that Defendant Harper's filings violate the local Court Rules as well as the Federal Rules of Civil Procedure.  Utah's local court rules impose specific requirements for the filing of motions, including page limits, formatting requirements and the identification of specific and relevant information.  For example, local rule DUCivR 7-1 (a)(1)(A) requires "[a]n initial separate section stating succinctly the precise relief sought and the specific grounds for the motion."  Local rule 7-1(a)(3) provides that motions filed under Rules 12(b), 56 and 65 must be limited to 25 pages and that all other motions must be limited to 10 pages.  DUCiv R 7-1(a)(3).  *See also* DUCiv R 10-1(a) (providing that pleadings and other papers must be double spaced); DUCivR 7-1(e) (motions exceeding page limitations set forth under the rules require a party to obtain a leave of court); DUCiv R 56-1(b)(A)(B)(C) (motions for summary judgment must contain a separate section setting forth the legal elements of each claim,  legal citation to supporting authority and concise statement and identification of the material facts necessary to meet that element); Fed. R. Civ. P. 56(a) (party moving for summary judgment must identify each claim or defense on which judgment is sought).

Defendant Harper's filings violate the Court's rules in format, substance and procedure. The documents are difficult, if not impossible, to decipher and much of the information contained therein seems to have no relevance to, or bearing on, the pending matter.  Several of

the filings are improperly characterized as "Notices," and none of the documents contain a clear indication of the relief sought and the reasons offered in support thereof.

While Defendant Harper opposes the Motion To Strike arguing that his status as a pro se litigant obviates the need to submit filings that comply with civil procedure "technicalities," the Court disagrees (doc. 50).[5]  While a pro se litigant's pleadings are to be "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g., Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003), the Court is not "to assume the role of advocate for the pro se litigant." *Bellmon,* 935 F.2d at 1110.  Accordingly, the Court "will not supply additional facts, nor will [it] construct a legal theory for a [pro se] plaintiff that assumes facts" not in the record.  *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  Because Defendant Harper is proceeding pro se, the Court liberally construes his filings; however, Defendant Harper's's pro se status does not relieve him of the obligation to comply with procedural rules or to submit motions that are substantively cognizable. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

For these reasons, the Court hereby RECOMMENDS that  the Receivers Motion To Strike (doc. 44) docket numbers 39-43, 47-49 and 54-56 is GRANTED.

**Sanctions**

 In addition, Defendant Harper is hereby instructed that the continued filing of frivolous motions shall result in the imposition of sanctions.  A Court may impose sanctions "to regulated

---

[5]Mr. Harper's opposition also challenges the Court's jurisdiction and alleges that a bias amounting to "fraud on the court' exists due to the Receiver's "special [and] favored relationship with the court." (doc. 50 pgs. 10-11).

its docket, promote judicial efficiency, and deter frivolous filings." *Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007). Continued filings of this nature unnecessarily prejudice the Receiver and the Court by wasting valuable time and resources.

As a result, the Court RECOMMENDS that any future motions filed by Defendant Harper that do not comply with the Court's rules and/or address issues that have been previously determined by this Court, be stricken and Defendant Harper be ordered to pay the Receiver's costs and fees incurred in responding to any such motion. *See* DUCivR 1-2 ("the court, on its own initiative, may impose sanctions for violation of these civil rules. Sanctions may include, but are not limited to, the assessment of costs, attorneys' fees, fines, or any combination of these, against an attorney or a party.").

### 2. **The Receiver's Motion To Amend** (doc. 46)

The Receiver requests leave to amend the complaint in order to allege that Defendant Wings "is an alter ego for Defendant Harper and that Defendant Harper is a subsequent transferee of funds received by [Defendant] Wings from Winsome Investment Trust" (doc. 46, p. 2). In doing so, the Receiver seeks to prohibit Defendant Harper from attempting to misuse the corporate form in order to prevent the recovery of funds subject to this action. In his opposition to the motion, Defendant Harper asserts a lack of jurisdiction and a failure to "make the record" or cure a defective complaint (doc. 51).

Pursuant to Federal Rule of Civil Procedure 15(a), the Court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). Here, the Court concludes that justice so requires since Defendant Harper has not articulated any prejudice that will occur as a result thereof and because amendment was sought prior to the Court's amendment cut-off date (docs.

35, 57).  Additionally, ample time for discovery on the newly raised issue remains (doc. 57).  To

the extent that Defendant Harper's "Notice of Opposition" can be deciphered, the issues of

jurisdiction and failure to support the Receiver's allegations have been conclusively and

continuously rejected by the Court.  Accordingly, the Court declines to once again entertain

Defendant Harper's same objections and directs him to the Court's prior rulings addressing these

exact issues (docs. 19, 26).

Accordingly, the Court hereby RECOMMENDS that the Receiver's Motion To Amend is

hereby GRANTED (doc. 46).

### ORDER

Based upon the foregoing, the Court hereby RECOMMENDS that:

1.  The Receiver's Motion To Strike Document Numbers 39, 40, 41, 42, 43, 47, 48, 49,

54, 55 and 56) is GRANTED (doc.44).  In addition the Court recommends that all future

frivolous filings be stricken from the record and that the offending party be ordered to pay costs

and fees incurred; and

2.  The Receiver's Motion To Amend is GRANTED (doc. 46).

Copies of the foregoing Report and Recommendation are being sent to all parties who are

hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections.  Failure to object may constitute a waiver of

objections upon subsequent review.   *See* Fed. R. Civ. P. 72(b)(2).

DATED the 9th day of October,

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge