IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **R. WAYNE KLEIN**, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>Plaintiff,<br><br>v.<br><br>**WINGS OVER THE WORLD MINISTRIES and TERRY L. HARPER**,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:12-cv-00023<br><br>United States District Court<br>Judge David Nuffer<br><br>Magistrate Judge Dustin Pead |

Pursuant to a 28 U.S.C. §636(b)(1)(B) referral (doc. 27), the following matter is currently pending before this Court: (1) the Receiver, R. Wayne Klein's (the Receiver) "Motion To Strike Docket Entries 61-65 and For Sanctions" against Defendant Terry L. Harper (Defendant) (doc. 69).

## I. BACKGROUND

On October 10, 2013, this Court issued a Report and Recommendation (doc. 60) granting the Receiver's Motion To Amend (doc. 46) and the Receiver's Motion to Strike (doc. 44) numerous documents filed by Defendant (doc. 60). Additionally, because Defendant's submissions violated the Court's rules in "format, substance and procedure" the Court warned that "any future motions filed by Defendant Harper that do not comply with the Court's rules and/or address issued that have been previously determined by this Court, be stricken and Defendant Harper be ordered to pay the Receiver's costs and fees incurred in responding to any

such motion" (doc. 60).  Despite Defendant's objection thereto (doc. 66), this Court's Report and Recommendation was adopted in its entirety by District Court Judge Nuffer on October 25, 2013 (doc. 67).

## II.  PENDING MOTION

The Receiver's motion moves to strike (doc. 69) the following documents submitted by Defendant:  "Manditory [sic] Judicial Notice Of Receiver's Failure To Meet A 'Statute Of Limitations' Requirement, And Notice Of Compulsary [sic] Action Required By The Court" (doc 61), "*Memorandum Of Law And* Constructive Notice For Certification And Findings Of Fact, Conclusions Of Law Regarding 'If' Real Party Of Interest Is Present" (doc. 62), "Manditory [sic] Judicial Constructive Notice Of Estoppel Of Receiver's Claim Of Respondent Alleged Admissions And Opposition Of Alleged Claimed Admissions Into The Record" (doc. 63), "Constructive Notice And Demand To Certify The Record Under Title 28 Section 754 Of Receiver As To The Court's Jurisdiction Or Dismiss Under (Coram Non Judice)" (doc. 64) and "Constructive Notice And Affidavit Statement Of Fraud On The Court And Notice Of Forbearance Of Suit" (doc. 65).

A review of these filings reveals that they suffer from the same defects as Defendant's prior filings that were previously stricken by the Court.  Specifically, in addition to other deficiencies, the filings at issue fail to conform to the Court's formatting requirements, fail to identify the specific relief requested, and address jurisdictional and standing issues that the Court has already determined.  As a result, and consistent with the Court's prior admonition, the Court hereby strikes Defendant's filings at docket numbers 61, 62, 63, 64 and 65.  Further, based upon

Defendant's violation of the civil rules in blatant disregard of the Court's prior Ruling,[1] Defendant shall be required to pay the Receiver's attorney fees and costs incurred in responding to Defendant's frivolous filings. Accordingly, the Receiver is requested within seven (7) days from the date of this Order to file an affidavit of costs and fees incurred in filing its Motion To Strike (doc. 69).

Finally, Defendant is once again reminded that the Court will not accept frivolous filings that fail to comply with local and federal rules and that continue to raise issues already determined by the Court. Continued filings of such nature will require the Court to consider more serious sanctions including contempt proceedings or the entry of a default judgment.

---

[1] Five days after the Court issued its Report and Recommendation warning Defendant that it would impose sanctions if he continued to submit frivolous filings, Defendant filed his frivolous "Manditory [sic] Judicial Notice Of Receiver's Failure To Meet A 'Statute Of Limitations' Requirement, And Notice Of COmpulsary Action Required By The Court" (doc 61). The frivolous filings at docket numbers 62-65 were also filed shortly thereafter.

## ORDER

Based upon the foregoing, the Court hereby ORDERS that:

1. The Receiver's "Motion To Strike Docket Entries 61-65 and For Sanctions" is GRANTED (doc. 69).

2. The Receiver is requested, within seven (7) days from the date of this Order, to file an Affidavit of Attorney Fees and Costs incurred in filing its Motion To Strike.

DATED the 22nd day of October,

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge