# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **R. WAYNE KLEIN**, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>Plaintiff,<br><br>v.<br><br>**WINGS OVER THE WORLD MINISTRIES and TERRY L. HARPER**,<br><br>Defendants. | **MEMORANDUM DECISION & RULING**<br><br>Case No. 2:12-cv-00023<br><br>United States District Court<br>Judge David Nuffer<br><br>Magistrate Judge Dustin Pead |

Pursuant to a 28 U.S.C. §636(b)(1)(B) referral (doc. 27), the following matter is currently pending before this Court: (1) the Receiver, R. Wayne Klein's (the "Receiver") "Motion To Compel" Defendant Terry L. Harper ("Mr. Harper") to respond to the Receiver's August 23, 2013, First Set of Discovery Requests (doc. 70). Defendant Harper has not filed an objection to the pending motion.[1]

## I. BACKGROUND

On August 23, 2013, the Receiver served Mr. Harper with his First Set of Discovery Requests (doc. 70-1). On August 26, 2013, Mr. Harper filed a document entitled "Respondent Answer to Requests for Admission from R. Wayne Klein/Receiver and Request for Certification

---

[1]The Receiver's Motion To Compel Responses to Discovery Requests was filed on October 29, 2013 (doc. 70). A memorandum opposing any motion not filed pursuant to Fed. R. Civ. P. 12(b), 12(c) and 56 must be filed within fourteen (14) days after service of the motion. *See* DUCivR 7-1(b)(3)(B).

of the Record" (doc. 49). Despite its title, Mr. Harper's submission failed to address the Receiver's discovery requests, and was stricken from the record (doc. 67). On October 2, 2013, the Receiver sent Mr. Harper a letter informing him that his responses were overdue, and requesting that Mr. Harper immediately respond to discovery (doc. 70-2). Mr. Harper failed to respond to the Receiver's letter. Thereafter, on October 23, 2013, the Receiver sent an e-mail requesting that Mr. Harper provide an immediate response to the discovery requests (doc. 70-3). Mr. Harper failed to respond to the Receiver's email. Accordingly, on October 29, 2013, the Receiver filed his pending Motion To Compel (doc. 70).

## II. MOTION TO COMPEL

Federal Rule of Civil Procedure 37(a)(3)(B) provides,

> A party seeking discovery may move for an order compelling an answer, designation, production or inspection. This motion may be made if:
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection— as requested under Rule 34.

Both Rule 33 and Rule 34 require that a party served with discovery requests respond within thirty (30) days of service. *See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); Fed. R. Civ. P. 34(b)(2) ("The party to whom the request is directed must respond in writing within 30 days after being served.").

Federal Rule of Civil Procedure 36 addresses the effect of a party's failure to respond to discovery requests within the 30 day period. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or

2

its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.").

Here, on August 23, 2013, the Receiver served Mr. Harper with six (6) Requests For Admission, 18 (eighteen) Interrogatories and 18 (eighteen) Requests For Production (doc. 70-1). It has now been over ninety (90) days since he was served, and Mr. Harper has failed to respond to the discovery requests.[2] Based thereon, the Court hereby GRANTS the Receiver's Motion To Compel and ORDERS that Mr. Harper provide complete and meaningful responses to the Receiver's discovery requests within fifteen (15) days from the date of this Order. All responses must comply with the federal and local rules of civil procedure. A failure by to do so, shall result in the imposition of sanctions against Mr. Harper, including the Receiver's Requests For Admission being admitted pursuant to Federal Rule 36(a)(3).

Under the current Scheduling Order, the date set for the completion of fact discovery is November 26, 2013 (doc. 35). Accordingly, given the current posture of the case, the Receiver is granted an additional sixty (60) days after Mr. Harper provides the information ordered by the Court, within which to conduct fact discovery.

---

[2] As discussed previously, on August 26, 2013, Mr. Harper filed a document entitled "Respondent Answer to Requests for Admissions from R. Wayne Klein/Receiver and Request for Certification of the Record" (doc. 49). While the title of the submission suggests that it is responsive to the Receiver's discovery requests, the content of the document in non-responsive. The document itself was stricken by Judge Nuffer in his Order adopting the Magistrate's Report & Recommendation on October 25, 2013 (doc. 67).

## III. ORDER

Based upon the foregoing, the Court hereby Orders:

1. The Receiver's Motion To Compel is GRANTED (doc.70); and

2. The Receiver is granted an additional sixty (60) days after receipt of information within which to conduct fact discovery.

DATED the 18th day of December, 2013.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge