# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **R. WAYNE KLEIN**, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>Plaintiff,<br><br>v.<br><br>**WINGS OVER THE WORLD MINISTRIES and TERRY L. HARPER**,<br><br>Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No. 2:12-cv-00023<br><br>United States District Court<br>Judge David Nuffer<br><br>Magistrate Judge Dustin Pead |

Pursuant to a 28 U.S.C. §636(b)(1)(B) referral (doc. 27) from District Court Judge David Nuffer, the following matters are currently pending before this Court: (1) the Receiver, R. Wayne Klein's "Motion To Strike Affidavit of Tresspass [sic]" (doc. 75); (2) the Receiver, R. Wayne Klein's "Motion To Strike Affidavit Of Constructive Notice And For Default Against Defendant Terry L. Harper" (doc. 79); (3) Defendant Terry L. Harper's "Respondent's Motion For Summar [sic] Judgment" (doc. 82); (4) the Receiver R. Wayne Klein's "Motion For Default Judgment" (doc. 81); and Defendant Terry Harper's "Ex Parte Motion In The Form Of A 'Writ Of Error' Quae Coram Nobis On Granting Klein's Motion For Extension Of Time To Respond To Harper's Summary Judgmetn [sic] Motion" (doc 89).

## I. BACKGROUND

Although lengthy, the Court finds it appropriate to engage in a recitation of the procedural background of the case.

On January 24, 2011, the Commodity Futures Trading Commission ("CFTC") initiated a lawsuit in this District against U.S. Ventures, Winsome Investment Trust, Robert J. Andres and Robert L. Holloway (collectively, "Receivership Defendants"), alleging that the Receivership Defendants operated a fraudulent commodity investment program and defrauded investors of over fifty million dollars.[1] In that action, the CFTC requested the appointment of a Receiver. Accordingly, on January 25, 2011, District Court Judge Bruce Jenkins appointed R. Wayne Klein as Receiver ("Receiver") to handle the affairs of the Receivership Defendants.

On January 9, 2012, the Receiver filed the action currently before this Court against Defendant Terry L. Harper ("Harper") and Defendant Wings Over The World Ministries ("Wings"), an Ohio non-profit corporation.[2] In the Complaint, the Receiver alleges that Wings received transfers from the Receivership Defendants, in the form of commissions and other payments, that were made for the benefit of Mr. Harper as the incorporator of Wings (doc 2). Pursuant to Utah's Uniform Fraudulent Transfer Act ("UFTA") and other equitable theories, the Receiver seeks judgment against Harper and Wings in the amount of $561,326.32. Id.

On May 14, 2012, Harper filed an "Answer To Complaint And Motion To Dismiss" (docs. 8, 9). On March 27, 2013, District Court Judge Nuffer issued a Memorandum Decision and Order denying Harper's Motion To Dismiss concluding that: (1) the Court has jurisdiction because the action is ancillary to the Court's original subject matter jurisdiction of the

---

[1] The CFTC Action is assigned to District Court Judge Bruce Jenkins. *See U.S. Commodity Futures Trading Comm'n v. U.S. Ventures, et. al.,* Case No. 2:11-CV-99BSJ ("CFTC Action") (doc. 1).

[2] On July 18, 2012, pursuant to Federal Rule of Civil Procedure 55(a), a default certificate was entered against Wings based upon its failure to file an answer to the Complaint (doc. 14).

receivership; (2) the Receiver has standing to sue to recover fraudulent transfers; and (3) the Receiver's Complaint was sufficiently pled (doc. 19). Thereafter, Harper filed a "Request For Enlargement Of Time" seeking an additional sixty (60) days within which to respond to the Court's decision (doc. 20). On April 12, 2013, Judge Nuffer issued a ruling denying the request for additional time, determining that Harper's Motion To Dismiss was previously denied and the federal rules "do not permit further briefing on a resolved motion" (doc. 22 at 1).

Thereafter, on May 13, 2013, Harper filed a "Manditory [sic] Judicial Notice Of Receiver's Lack Of Standing To Sue Motion To Strike Complaint And Request For Relief" (doc. 25) seeking to strike the Complaint on grounds similar to those set forth in Harper's Motion To Dismiss. On May 14, 2013, Judge Nuffer entered an Order denying Harper's Motion To Strike the Complaint, again finding that issues of jurisdiction and standing have been resolved and will not be reconsidered by the Court (doc. 26).

On June 3, 2013, Harper filed a "Verified Notice Of Interlocutory Appeal" of Judge Nuffer's May 14, 2013, Order (doc. 28). On June 24, 2013, the Tenth Circuit issued an Order dismissing Harper's appeal since neither a final order nor a final judgment disposing of all claims had been entered in the underlying case (doc. 36); *see* R. Wayne Klein v. Harper, Appellate Case No. 13-4088 (10th Cir.).

On October 10, 2013, this Court issued a Report and Recommendation (doc. 60)[3] granting the Receiver's Motion To Amend (doc. 46) and the Receiver's Motion To Strike (doc. 44). In doing so, the Court concluded that eleven (11) of Harper's filings violated the Court's

---

[3]Due to the dispositive nature of the Receiver's Motion To Amend (doc. 46), the Court issued a Report and Recommendation for consideration by the District Court. *See* 28 U.S.C § 636 (b)(1)(B) and (C).

3

rules in "format, substance and procedure" were "difficult, if not impossible, to dechiper" and had "no relevance to, or bearing on, the pending matter" (doc. 60 at 5).[4] The Court warned Harper that "the continued filing of frivolous motions shall result in the imposition of sanctions" Id. at 6. Additionally, the Court recommended that any future submissions which failed to comply with court rules or raised matters already determined by the Court, should be stricken and that Harper be ordered to pay the Receiver's costs and fees incurred. Id. The Report and Recommendation was adopted by District Court Judge Nuffer on October 24, 2013 (doc. 67).

---

[4] (1) Mr. Harper's submissions stricken by the Court were: "Notice of Respondents' Declaration to his Non Presence at the June 6, 2013 Schedule Pretrial Hearing" (doc. 39); (2) "Manditory [sic] Judicial Notice Declaration And Writ Of Discovery Order Demand To Show Cause, Point By Point With Supporting Law Certified On The Record To Show Why 'Fraudulent Transfer' And Other Claims Should Not Be 'Stricken' From Plaintiff's Complaint Against Respondent (doc. 40); (3) "Notice of Three '(3) Fatal Defects' Of Plaintiff's Complaint Evidenciary [sic] Writ Demand For Certification And Definitive Points Of Law Concerning Failure Of Statutory Compliance, Improper 'Party', Improper 'Parity' At Law And Supreme Court Decisions Binding On District Courts" (doc. 41); (4) "Respondent Writ To Take Judicial Cognizance And Administrative Acceptance Of A *Self-Executing 'Order'* Based On Receiver's Failure To Complay [sic] With The Full Requirements Under Title 28 USC §754" (doc. 42); (5) "Sworn Statement By Respondent In The Form Of An Affidavit Of Counterclaims Against R. Wayne Klein" (doc. 43); (6) "Respondent Lawful Notification In Law Of Ooposition [sic] To Receiver Counsel Statement That Wings Over The World Ministries Is In Default (doc. 47); (7) "Notice Of Affidavit Of Fiancil [sic] Insolvency [sic], Of Respondent And Living Conditions And Support (doc. 48); (8) "Respondent Answer To Requests For Admissions From R. Wayne Klein/Receiver And Request For Certification Of The Record" (doc. 49); (9) "Motion To Compel The Record Stipulate That R. Wayne Klein (d.b.a.) Was Not/Is Not The Duly Appointed Receiver Appointed By The Commodities Future Trading Commission (CFTC) And Absent The Record Showing Proper Receiver Name 'Wayne Klein', Respondent Demand The Court Void And Discharge Of Complaint Is Manditory [sic] Not Shwoing [sic] Proper Agency" (doc. 54); (10) "Motion To Compel The Record Show Full Compliance By Receiver/ Plaintiff [sic] Under Title 28 USC Section 754 On Each And Every Receiver Appointment(s) And Absent The Record, Sua Sponte Dismiss Controversy For Forfeiture Of Jurisdiction" (doc. 55); and (11) "Motion To Compel The Record To Show The 'Judicial' Nature Of Jurisdiction Of Court As Set forth In Respondent's Request For Clarification And Manditory [sic] Desclosure [sic] Under The Sixth Amendment And Absent Article III Complaince [sic], Demand Discharge For Failure To State The Proper Jurisdiction (doc. 56).

On November 22, 2013, this Court issued a Memorandum Decision and Order granting the Receiver's Motion To Strike an additional five (5) filings (doc. 73).[5] The Court concluded that in addition to raising issues already addressed, defendant "fail[ed] to conform to the Court's formatting requirements, and fail[ed] to identify the specific relief requested." Id. at 2. Consistent with its prior admonitions, the Court ordered that the offending filings be stricken and required Harper to pay, within thirty (30) days, the Receiver's attorney fees incurred in the amount of $1,143.75 (doc. 77).[6] Moreover, the Court explicitly warned Harper that the continued submission of improper filings would require the imposition of more serious sanctions including "the entry of default judgment" (doc. 73, p.3).

As of this date and in direct contravention of the Court's November 22, 2013, Order, Harper has failed to pay any of the Receiver's attorney fees (doc. 81).

On December 18, 2013, this Court issued a Memorandum Decision and Order (doc. 78) granting the Receiver's Motion To Compel (doc. 70). The Receiver's motion was filed in

---

[5]Defendant Harper's filings stricken by the Court included: "Manditory [sic] Judicial Notice Of Receiver's Failure To Meet A 'Statute Of Limitations' Requirement, And Notice Of Compulsary [sic] Action Required By The Court" (doc 61), "*Memorandum Of Law And* Constructive Notice For Certification And Findings Of Fact, Conclusions Of Law Regarding 'If' Real Party Of Interest Is Present" (doc. 62), "Manditory [sic] Judicial Constructive Notice Of Estoppel Of Receiver's Claim Of Respondent Alleged Admissions And Opposition Of Alleged Claimed Admissions Into The Record" (doc. 63), "Constructive Notice And Demand To Certify The Record Under Title 28 Section 754 Of Receiver As To The Court's Jurisdiction Or Dismiss Under (Coram Non Judice)" (doc. 64) and "Constructive Notice And Affidavit Statement Of Fraud On The Court And Notice Of Forbearance Of Suit" (doc. 65).

[6]On November 26, 2013, the Receiver's attorney, Christopher M. Glauser, filed an "Affidavit of Attorney Fees and Costs" for $1,143.75 constituting six (6) hours of attorney work time (doc. 74). Attached to Mr. Glauser's affidavit is a description of the time spent and work performed, including the name, position, and hourly rate of the individual performing the work (doc.74-1).

response to Harper's failure to respond to any Requests for Admission, Interrogatories or Requests For Production. The Court ordered Harper to provide complete and meaningful responses to all discovery requests within fifteen (15) days and specifically warned that a failure to comply "shall result in the imposition of sanctions against Mr. Harper, including the Receiver's Requests For Admission being admitted pursuant to Federal Rule 36(a)(3)" (doc. 78 at 4).

As of this date, Harper has not complied with the Court's Order and has failed to provide any responses to the Receiver's discovery requests (doc. 81).

## II. PENDING MOTIONS

On December 2, 2013, the Receiver filed his currently pending "Motion To Strike" (doc. 75) requesting that the Court strike Harper's submission entitled "Affidavit of Tresspass (sic)" (doc. 71). The Receiver asserts that the "Affidavit of Tresspass (sic)" suffers from the same defects as Harper's previous filings in that it is frivolous, fails to comply with local rules and procedures, fails to identify the specific relief requested and raises matters previously addressed by the Court (doc. 75). The Receiver requests that Harper be ordered to pay fees and costs incurred in addition to "all other sanctions [that the Court] deems appropriate." Id. at 5.

Harper has not filed an opposition to the Receiver's Motion To Strike, and the time frame within which to do so has expired.

On December 30, 2013, the Receiver filed another "Motion To Strike" seeking to strike Harper's filing entitled "Affidavit of Constructive Notice in the From [sic] of a Sworn Declaration of Facts of Receiver Klein's Admission of Lacking Persona Jurisdiction Due to Insufficient Filing Under 754 as Admitted in R. Wayne Klein v. Michel Petty" (the "Affidavit")

(doc. 76). The Receiver urges that the Affidavit be stricken on the same grounds: frivolity, improper procedure and improper argument (doc. 79). As a sanction, the Receiver requests that the Court enter default judgment against Harper based upon his "repeated and knowing disregard for the Court's orders." Id. at 4.

Harper has not filed an opposition to the Receiver's Motion To Strike the Affidavit, and the time within which to do so has expired.

On January 27, 2014, Harper filed his pending "Motion For Summar [sic] Judgment" (doc. 82). In his motion, Mr. Harper asserts that the Court should award him summary judgment due to "FATAL DEFECTS" in the Complaint, including the Receiver's failure to provide "bona fide proof that Respondent Harper/Wings ever received more than his 'aggregate' placement of approximately $800,000 with Winsome/Adreas." Id. at 3-4.

Two days after Harper filed his Motion for Summary Judgment, the Receiver filed the currently pending "Motion For Default Judgment Against Defendant Terry Harper" (doc. 81). The Receiver's motion requests the entry of default judgment against Harper as a sanction for his blatant disregard of Court's Orders.

Given the dispositive nature of the pending motion for default judgment, the Receiver requested an extension of time within which to file an opposition to Harper's Motion For Summary Judgment (doc. 87). In an effort to save judicial resources and limit litigation expenses, the Court granted the Receiver's motion and ordered that any opposition would not be due until twenty-eight (28) days after the Court issues its ruling on the Receiver's pending motion for default (docs. 79, 81).

On February 27, 2014, Harper filed his "Ex Parte Motion In The Form Of A 'Writ Of

Error' Quae Coram Nobis On Granting Klein's Motion For Extension Of Time To Respond To Harper's Summary Judgmetn (sic) Motion" (doc. 89).  Through his motion, Harper seeks to "revoke" the Court's February 21, 2014 order granting the Receiver an extension of time to file an opposition to Harper's pending Motion For Summary Judgment.

### III.  ANALYSIS

### The Receiver's Motion For Default Judgment Against Terry Harper

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the Receiver moves for default judgment against Harper "for his repeated and knowing disregard of the Court's orders" (doc. 81 at 5).  In support of his motion, the Receiver asserts that the entry of default judgment is necessary to prevent Harper's further misuse of judicial resources.  Id.

Harper has not filed an objection to the Receiver's Motion For Default Judgment.

Federal Rule of Civil Procedure 16(f) provides:

[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A) (ii)-(vii)" if a party or its attorney:

>    (A) fails to appear at a scheduling or other pretrial conference;
>    (B) is substantially unprepared to participate—or does not participate in good faith —in the conference; or
>    (C) fails to obey a scheduling or other pretrial order

Fed. R. Civ. P. 16(f)

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), a party who fails to comply with a Court order to provide or permit discovery subjects himself to a panoply of sanctions, including:

>    (i) directing the matters embraced in the order or other designated facts be taken as established for purpose of the action, as the prevailing party claims;
>    (ii) prohibiting the disobedient party from supporting or opposing designated claims or

8

> defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination**.**

Fed. R. Civ. P. 37(b)(2)(A)(i-vii). While the Court has discretion to choose a sanction, its discretion is limited in that the sanction "must be both 'just' and 'related to the particular 'claim' which was at issue. . . ." *Ehrenhaus v. Reynolds* 965 F.2d 916, 920 (10th Cir. 1992) (internal citations and quotations omitted).

Here, the Receiver seeks entry of default judgment as a sanction for Harper's failure to comply with the Court's orders. The Court recognizes the significance of the Receiver's request, noting that default judgment is considered a harsh sanction to be applied "only when a party's noncompliance is due to 'willfulness, bad faith, or any fault of the [disobedient party]' and not when a party is unable to comply with a discovery order." *Klein-Becker USA, LLC v. Englert,* 711 F.3d 1153, 1159 (10th Cir. 2013) (citing *Nat'l Hockey League v. Metro, Hockey Club, Inc.,* 427 U.S. 639, 640, (1976) (internal quotations and citations omitted). The Court's "determination of the correct sanction for a discovery violation is a fact-specific inquiry" aided by the examination of several relevant factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . .(3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v Reynolds,* 965 F.2d at 920-921 (internal citations and quotation omitted); *see also Advantage Media Group, LLC v. Get Motivated Seminars, Inc.,* 2013 U.S. Dist. LEXIS 512 *3;

2:12-cv-337-TS.

Here, the Court considers each of the relevant factors in the context of the Receiver's Motion For Default Judgment.

1. Degree of Prejudice

The Receiver is significantly prejudiced by Harper's dilatory actions. Harper's prolific filings have forced the Receiver to unnecessarily expend valuable time and financial resources. Additionally, Harper's failure to comply with the Court's orders or to meaningfully participate in the discovery process has materially impeded the litigation.

2. Interference With Judicial Process

Harper has willfully failed to comply with numerous Court orders. *See*, Report and Recommendation issued on October 10, 2013 (doc. 60) adopted on October 25, 2013 (doc. 67), Memorandum Decision and Order issued on November 22, 2013 (doc. 73), Order issued on December 18, 2013 (doc. 77), and Memorandum Decision and Order issued on December 18, 2013 (doc. 78) . Harper's deliberate failure to meaningfully engage has significantly disrupted the judicial process and prohibited efficient litigation of the case. Notably, the Receiver's Complaint was originally filed on January 9, 2012 (doc. 2). Now, over two years later, the case has been so impaired by Harper's frivolous filings and failures to comply that the case is essentially at the same preliminary stage with no discovery having occurred.

3. Culpability of Litigant

The Court finds Harper's's culpability to be high as exemplified by his ability to deliberately ignore Court orders while simultaneously inundating the docket with his own frivolous filings.

4. Advance Warning

This Court warned Harper on numerous occasions that the continued submission of frivolous documents and continued failure to comply with Court orders would result in the imposition of sanctions, including the imposition of terminating sanctions (docs. 60, 67, 77, 78). *See*, November 22, 2013, Memorandum Decision and Order warning of default judgment (doc. 73 at 3).

5. Lesser Sanctions

The Court is convinced that, in this instance, the imposition of a lesser sanction would be unavailing. The Court has previously imposed lesser sanctions with no effect. *See*, October 10, 2013 Report and Recommendation adopted by District Court on October 25, 2013, ordering Harper's filings stricken (docs. 60, 67), November 22, 2013, Memorandum Decision and Order 2013, striking Harper's filings, ordering payment of attorney fees and warning of default judgment (doc.73), December 18, 2013 Order ordering Harper to pay attorney fees (doc. 77), December 18, 2013, Memorandum Decision and Ruling requiring Harper engage in discovery process and warning failure will result in requests for admission being admitted (doc. 78).

Now, after consideration of the relevant factors, the Court determines that the entry of default judgment against Harper is an appropriate sanction. Harper has shown blatant disregard for the judicial process, and the imposition of lesser sanctions has not "deterr[ed] the errant party from further misconduct." *Erenhaus v. Reynolds,* 965 F.2d at 920. Ultimately, if Harper is allowed to ignore Court orders "without suffering the consequences, then the district court cannot administer orderly justice. . . ." *Ehrenhaus*, 965 F.2d at 921 (citations omitted).

Finally, in recommending the entry of default, the Court is keenly aware of Mr. Harper's

11

status as a *pro se* litigant. While mindful that Mr. Harper is acting *pro se*, his status does not absolve him of compliance with the federal rules or Court orders.[7] Here, Harper's failure to meaningfully respond to Court orders and directives coupled with his accompanying ability to inundate the docket with frivolous filings, amounts to much more than a "technical violation" of the Court's rules. *See Ehrenhaus,* 965 F.2d at ft. 3. (explaining, the Court must be mindful that a pro se party "does not unknowingly lose its right of access to the courts because of a technical violation."); *see, e.g., Mitchell v. Inman,* 682 F.2d 886, 887 (11th Cir. 1982) (per curiam)).

Accordingly, for the reasons stated herein, the Court recommends that the Receiver's Motion For Default be granted (doc. 81).

**ORDER**

Based upon the foregoing, the Court hereby RECOMMENDS that:

1. Based upon Defendant Harper's: (1) blatant disregard of numerous Court orders requiring him to refrain from submitting frivolous filings; (2) refusal to provide discovery responses despite a Court order to do so and; (3) failure to pay the Receiver's reasonable attorney fees in the amount of $1,143.75 despite being ordered to do so by the Court, that default be entered against Defendant Terry L. Harper.

2. As a result thereof, the Receiver's "Motion To Strike Affidavit of Tresspass [sic]" (doc. 75), and "Motion To Strike Affidavit Of Constructive Notice And For Default Against Defendant Terry L. Harper" (doc. 79), and Defendant Harper's "Respondent's Motion For

---

[7]Generally, a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). "At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Summary [sic] Judgment" (doc. 82) and "Ex Parte Motion In The Form Of A 'Writ Of Error' Que Coram Nobis On Granting Klein's Motion For Extension Of Time To Respond To Harper's Summary Judgmetn (sic) Motion" (doc. 89) are moot.

    3. Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

**SO ORDERED.**

DATED the 4th day of March, 2014

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge